UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SID AVERY AND ASSOCIATES, INC. dba     :
MPTV IMAGES,
                                                                    :
                     Plaintiff,
                                                                    :
          -against-                          **MEMORANDUM AND ORDER**
                                                                    :
PARALLEL BAR INC. dba THE SUMMIT            19-CV-7112 (VSB) (KNF)
BAR, HAMID RASHIDZADA, and GREG        :
SEIDER,
                                                                    :
                    Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      The plaintiff commenced this action for copyright infringement against "Parrallel Bar Inc. dba The Summit Bar, Hamid Rashidzada, and Greg Sider," seeking: (i) injunctive relief; (ii) "Actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504"; (iii) "its attorneys' fees and costs under the applicable statutes sued upon"; (iv) "Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of their unlawful conduct"; and (v) "prejudgment interest." The plaintiff's "application for a default judgment against Defendants Parallel Bar Inc., Hamid Rashidzada, and Greg Seider" was granted and the matter referred to the undersigned "for an inquest on damages and attorneys' fees." Docket Entry No. 31.

      Thereafter, the plaintiff made a "Motion for Damages," Docket Entry No. 33, which included a "Certificate of Service" by the plaintiff's counsel, Joseph A. Dunne ("Dunne"), stating: "The undersigned does hereby certify that on June 15, 2020, a true and correct copy of

1

the foregoing document was served by electronic mail and Certified Mail to all parties listed below on the Service List." The "Service List" contains the following text:

> Parallel Bar Inc. dba The Summit Bar
> 133 Avenue C New York, NY 10009
> thesummitbar@gmail.com
> Pro Se
>
> Hamid Rashidzada
> 133 Avenue C New York, NY 10009
> hamid43@gmail.com
> Pro Se
>
> Greg Seider
> 133 Avenue C New York, NY 10009
> hamid43@gmail.com
> Pro Se

The plaintiff seeks the following damages in its motion: (a) "statutory damages of $87,500.00 for the infringed Work, or in the alternative, no less than $30,000.00 for the Work"; and (b) "fees and costs in the amount of $4,714.75." In support of its motion, the plaintiff submitted declarations by: (1) Ron Avery ("Avery") with exhibits, Docket Entry No. 35, which was not served on the defaulting defendants; and (2) its counsel, Joel B. Rothman, with exhibits, Docket Entry No. 35, which included a "Certificate of Service" by Dunne, stating: "The undersigned does hereby certify that on May 20, 2020, a true and correct copy of the foregoing document was served by electronic mail and Certified Mail to all parties listed below on the Service List," and indicating the "Service List" identical to the one noted above.

"Upon entry of a default, a plaintiff's claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." Cement & Concrete Workers v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012).

Process--other than a summons under Rule 4 or a subpoena under Rule 45--must be served by a United States marshal or deputy marshal or by a person specially appointed for that purpose. It may be served anywhere within the territorial limits of the state where the district court is located and, if authorized by a federal statute, beyond those limits. Proof of service must be made under Rule 4(l).

Fed. R. Civ. P. 4.1(a).

"Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l). "[I]t is settled law that a corporation cannot appear other than by its attorney." Shapiro, Bernstein & Co. v. Cont'l Record Co., 386 F.2d 426, 427 (2d Cir. 1967).

To afford an opportunity for the defaulting defendants to contest the amount of damages sought by the plaintiff, it is ORDERED that, on or before September 11, 2020, the plaintiff shall effect service of <u>all</u> its inquest submissions as follows:

(1) by personal in-hand tender of process by a process server on each individual defaulting defendant, Hamid Rashidzada and Greg Seider ;

(2) by personal service upon the corporate defaulting defendant, Parallel Bar Inc., as provided by New York law governing personal service upon a corporation; and

(3) file proof of service, as required by Fed. R. Civ. P. 4(l).

On or before September 25, 2020, the defaulting defendants shall serve and file any opposition(s) to the plaintiff's inquest submissions, which must be supported by admissible evidence. On or before October 2, 2020, the plaintiff may file any reply.

Dated:   New York, New York
         September 1, 2020                                          SO ORDERED:

                                                           _____
                                                           KEVIN NATHANIEL FOX
                                                           UNITED STATES MAGISTRATE JUDGE